J-S03024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 466 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 13, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005044-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 467 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 13, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002741-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 468 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 13, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004524-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
| v. | : | |
| | : | |
| CHAD MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 469 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 13, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005823-2021

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 14, 2024**

In these consolidated appeals, Appellant Chad Michael Howard appeals from the judgments of sentence imposed at Docket Nos. 5044-2020, 2741-2021, 4524-2021, and 5823-2021. On appeal, Appellant challenges the discretionary aspects of his sentence. After review, we affirm.

The relevant facts and procedural history of this matter are well known to the parties. *See* Trial Ct. Op., 2/21/23, at 1-6 (unpaginated). Briefly, Appellant was charged with multiple criminal offenses at four docket numbers between 2020 and 2022. On December 7, 2022, Appellant agreed to enter an open guilty plea to the following charges: DUI, driving while operating privilege suspended or revoked, and aggravated assault[1] at Docket No. 5044-2020; persons not to possess firearms[2] at Docket No. 2741-2021, possession

---

[1] 75 Pa.C.S. §§ 3802(d)(2), 1543(b)(1)(iii), and 18 Pa.C.S. § 2702(a)(3), respectively.

[2] 18 Pa.C.S. § 6105(a)(1).

of drug paraphernalia[3] at Docket No. 4524-2021; and PWID and persons not to possess firearms[4] at Docket No. 5823-2021. ***See id.*** at 3-4 (unpaginated); Written Colloquy, 12/7/22; N.T., 12/7/22, at 14-15. After Appellant entered his plea, sentencing was deferred for the preparation of a pre-sentence investigation (PSI) report.

At sentencing, Appellant requested a mitigated-range sentence with a minimum aggregate term of five years' incarceration. ***See*** N.T. Sentencing Hr'g, 2/13/23, at 7. In response, the Commonwealth requested that the trial court impose consecutive standard-range sentences for each charge in light of Appellant's lengthy criminal history, failure to seek treatment for drug and alcohol abuse, continued criminal activity, and the Commonwealth's need to protect the public. ***See id.*** 12-13.

Initially, the trial court sentenced Appellant to an aggregate term of eleven to twenty-two years of incarceration. ***See id.*** at 24. Specifically, the trial court sentenced Appellant to a term of one to two years for DUI, six to twelve months of incarceration for driving while operating privilege suspended or revoked, and two to four years for aggravated assault at 5044-2020. The trial court ordered these sentences to be served consecutively resulting in aggregate term of three and one-half to seven years of incarceration at 5044-2020. ***See id.*** at 20-21. The trial court sentenced Appellant to a term of six

---

[3] 35 P.S. § 780-113(a)(32).

[4] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 6105(a)(1), respectively.

- 3 -

to twelve years of incarceration for persons not to possess firearms at 2741-2021. *See id.* at 21. The trial court ordered Appellant to serve the sentence at 5044-2020 concurrently with the sentence at 2741-2021. *See id.* The trial court sentenced Appellant to a term of six to twelve months of incarceration for possession of drug paraphernalia at 4524-2021, to be served concurrently with 5044-2020. *See id.* at 22. Finally, the trial court sentenced Appellant to a term of five to ten years of incarceration for PWID, and five to ten years for persons not to possess firearms at 5823-2021. *See id.* at 22-24. The trial court ordered Appellant to serve the sentences at 5823-2021 concurrently with each other, but consecutively to the sentence imposed at 2741-2021. *See id.* at 24. This resulted in an aggregate sentence of eleven to twenty-two years of incarceration. *See id.*

However, after the trial court imposed the aggregate sentence of eleven to twenty-two years' incarceration, the Commonwealth and Appellant informed the trial court that they had agreed to a capped maximum sentence of ten to twenty years in exchange for Appellant's agreement to plead guilty. *See id.* at 27-28. The trial court accepted the agreement and amended Appellant's sentence at Docket No. 2741-2021 from six-to-twelve years to five-to-ten years, resulting in a reduced aggregate sentence of ten to twenty years' incarceration in accordance with the parties' agreement. *See id.* at 28.

Appellant filed timely post-sentence motions, which the trial court denied. Appellant filed a timely notice of appeal,[5] and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Whether the trial court abused its discretion when it sentenced [Appellant] to consecutive sentences [at Docket Nos. 2741-2021, 5044-2020, 4524-2021, and 5823-2021] based on factors that improperly discounted his rehabilitative potential and prevented him from accessing the State Drug Treatment Program,[6] which would have helped his rehabilitation?

Appellant's Brief at 5 (formatting altered).

Appellant argues that the trial court failed to consider his rehabilitative needs and mitigating factors, and it imposed a manifestly excessive sentence by running some of the sentences consecutively. Appellant's Brief at 11-12, 14. Appellant's claim implicates the discretionary aspects of his sentence.[7]

_____

[5] Appellant filed separate notices of appeal at each trial court docket, and this Court consolidated Appellant's appeals pursuant to Pa.R.A.P. 513. **See** Order, 6/23/23.

[6] **See** 61 Pa.C.S. §§ 4101-4108.

[7] The Commonwealth asserts that although Appellant entered an "open" guilty plea, the parties agreed to an aggregate ten to twenty-year "cap" on his sentence, and therefore, Appellant is precluded from challenging the discretionary aspects of his sentence. **See** Commonwealth's Brief at 12, 16-17. Upon review of the record and under the circumstances presented in the instant case, we disagree. Because Appellant's plea agreement did not include a specific term of incarceration and only placed limitations on his possible sentence, we conclude that it was a "hybrid" plea agreement. **See Commonwealth v. Dalberto**, 648 A.2d 16, 21 (Pa. Super. 1994); **see also Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa. Super. 2005)
*(Footnote Continued Next Page)*

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); **see also** Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Battles**, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question

---

(explaining that a defendant is not precluded from appealing the discretionary aspects of his sentence following a hybrid guilty plea because there has been no bargain for a specific or stated term of sentence in the negotiated plea agreement). Accordingly, Appellant is not precluded from appealing the discretionary aspects of his sentence that were not agreed upon during the plea-negotiation process. **See Dalberto**, 648 A.2d at 21.

exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record confirms that Appellant preserved his sentencing claims in a post-sentence motion, filed a timely notice of appeal, and included the issues in his Rule 1925(b) statement. Appellant has also included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 11-12. Additionally, we conclude that Appellant's claim raises a substantial question for review. ***See Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (concluding that the appellant raised a substantial question raised where he challenged consecutive sentences were excessive and claimed court failed to consider rehabilitative needs and mitigating factors); ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014) (explaining that a claim that a sentence was excessive raised in conjunction with a claim that the trial court failed to consider mitigating factors raises substantial question). Accordingly, we will consider the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the

- 7 -

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." ***Id.*** at 848 (citation omitted). Where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." ***Commonwealth v. Brown***, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors

and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court addressed Appellant's sentencing claims as follows:

In preparation for the sentencing hearing, this court reviewed both the PSI that was prepared by Adult Probation and the memorandum filed by [Appellant]. In addition, at the time of the sentencing hearing, this court heard statements from several individuals in support of the Commonwealth's position and [Appellant's] position, respectively.

This court noted [Appellant's] criminal history which was outlined in the PSI. This court also took note of [Appellant's] social history which was contained in the PSI including familial relationships, education, employment, and drug use. In light of [Appellant's] history, this court balanced [Appellant's] rehabilitative needs with the gravity of the offenses and the need to protect the public. [Appellant's] counsel argued for a sentence that was not just mitigated but almost negated the other charges by making everything concurrent; however, those charges did happen. This court noted that [Appellant] was previously provided a number of rehabilitative opportunities which he failed to seize.

According to the Pennsylvania Commission on Sentencing Guideline Sentence Form, which was part of the PSI, [Appellant] had a prior record score of five (5). Each count sentenced fell within the standard range of the Sentencing Guidelines except for [Docket No.] 5823-2021[,] which fell within the mitigated range. Finally, this court recognized the agreed upon cap and the aggregate sentence imposed reflects that cap. As a result, the sentence imposed was not excessive or manifestly unreasonable in length and this court did not commit an abuse of discretion.

Trial Ct. Op., 2/21/23, at 11-13 (unpaginated) (some formatting altered).

Before imposing sentence, the trial court explained:

For someone who's been sitting on the bench for almost two decades now, I still am amazed. Each and every time, it is the county and the taxpayers who are called upon to basically fund the drug treatment of repeat[,] career, or whatever you want to call them, criminals.

- 10 -

> Opportunities that exist in the community and have always existed in the community are not taken advantage of while people are in the community. They wait until they're incarcerated and then, all of a sudden, treatment is the answer. Well, treatment was probably always the answer, sir. You just chose not to avail yourself of that opportunity. I hope that you will, in the future, avail yourself of that opportunity, but I have to agree at least to some degree with Attorney Hobbs that what is being asked here is not just mitigated. It's basically let's just forget these other charges, make them all concurrent like they didn't happen. They did happen, and the public deserves to be protected.

N.T., Sentencing Hr'g, 2/13/23, at 15-16.

Following our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 2/13/23, at 17-19. Therefore, we presume that the trial court was fully aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Watson*, 228 A.3d at 936; *see also Kurtz*, 294 A.3d at 536. Although Appellant claims that the trial court failed to consider Appellant's drug addiction, rehabilitative potential, and rehabilitative needs, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. *See Kurtz*, 294 A.3d at 536. Further, we conclude that the trial court did not abuse its discretion in imposing consecutive sentences, as it is well settled that defendants convicted of multiple criminal offenses are not entitled to a volume discount by the imposition of concurrent sentences. *See Brown*, 249 A.3d at 1216; *see also Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa. Super. 2023). For

these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2024